IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAI'TRON M. SWIFT,<br><br>　　　　　　　Plaintiff,<br><br>-v-<br><br>CITY OF BELLEUVE, NEBRASKA; and JOHN DOES 1 - 12<br>(individuals being sued in their individual capacity),<br><br>　　　　　　　Defendants. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## **COMPLAINT**

**COMES NOW**, Plaintiff, Dai'Tron M. Swift ("Swift"), by and through his counsel of record, Oluseyi O. Olowolafe of Olowolafe Law Firm, LLC, alleges and states as follows:

### **NATURE OF THE ACTION**

1.　This civil lawsuit arises out of the unlawful stop, search, detention, arrest, excessive use of force, and racial profiling of Swift on February 1, 2022, in the City of Bellevue, Nebraska, perpetrated by members of the Bellevue Police Department. The unlawful stop, search, detention, arrest, excessive use of force, and racial profiling of Swift by members of the Bellevue Police Department was without any individualized, articulable, reasonable suspicion, which was unreasonably prolonged, causing serious and permanent injuries, in violation of Swift's rights under the United States Constitution.

2.　Swift seeks monetary damages for: (1) unreasonable stop in violation of the Fourth and Fourteenth Amendments to the United States Constitution; (2) unreasonable search of Swift's person in violation of the Fourth and Fourteenth Amendments to the United States Constitution; (3) unreasonable search of Swift's property without a warrant or probable cause in violation of the

Fourth and Fourteenth Amendment to the United States Constitution; (4) the excessive use of force in violation of the Fourth and Fourteenth Amendments to the United States Constitution; (5) false arrest without a warrant or probable cause in violation of Fourth and Fourteenth Amendments to the United States Constitution; (6) unreasonably prolonged detention of Swift in violation of the Fourth and Fourteenth Amendment to the United States Constitution; (7) failure to intervene and prevent violations of Swift's rights from unreasonable search and seizures, in violation of the Fourth and Fourteenth Amendments of the United States Constitution; (8) the use of racial profiling in violation of the Fourteenth Amendment of the United States Constitution; and, (9) the City of Bellevue maintaining policies, customs, and/or practices that caused the violations under the Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION & VENUE

3.      This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 42 U.S.C. §§ 1983 and 1988.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Swift's claims occurred in Sarpy County, Nebraska, and pursuant to 18 U.S.C. § 1965.

## PARTIES

5.      Plaintiff Dai'Tron M. Swift, at all times relevant, has been a resident of Bellevue, Nebraska.

6. Defendant City of Bellevue is a local public municipal entity under the laws of the State of Nebraska. It is responsible for the policies and procedures of the Bellevue Police Department and the police officers it employs.

7. Defendant John Does 1 - 12 were, at all times relevant herein, officers for the City of Bellevue Police Department, acting within their scope of employment at the times of the incidents giving rise to the causes of action laid out in this Complaint. John Does 1 – 12 acted and continued to act under the color of law in the State of Nebraska at all times relevant to this Complaint. Any and all identifiable individuals, through discovery or otherwise, are sued in their individual capacity.

8. The deprivation of Swift's constitutional rights is set forth in the following statements of facts and causes of action.

## STATEMENTS OF FACT

9. Swift is a young black male living in Bellevue, Nebraska.

10. In February 2022, Swift was 14 years old and a high school student

11. Swift attended Bellevue West High School, located at 1501 Thurston Ave, Bellevue, Nebraska.

12. On February 1, 2022, a Tuesday, around 3:30 pm, Swift was walking home from school by himself.

13. While walking on east on Avery Road approaching Avery Elementary School, Swift was approached by Defendant John Doe 1 in his marked police cruiser.

14. Defendant John Doe 1 immediately jumped out of his police cruiser, drew his firearm and demanded Swift not to move and put his hands up.

15. While Swift was complying Defendant John Doe 2 arrived in his marked police cruiser and drew his firearm on Swift.

16. Swift was instructed to get on the ground, for which he complied.

17. While on the ground, Defendants John Does 1 & 2, placed Swift in handcuffs.

18. Swift was ultimately lifted up off the ground, at which time several other Defendants, John Does 3 – 12, also arrived.

19. Defendants John Does 1 – 12 searched Swift's person and his backpack.

20. Swift was shown a picture of an individual on one of the cell phones of Defendants John Does 1 – 12.

21. Swift was asked whether he knew the person or if the person looked familiar to him.

22. Swift indicated that he did not know the person and was not familiar with the person.

23. At no time did any of the Defendants John Does 1 – 12 ask Swift for his identification.

24. Defendants John Does 1 – 12 seized Swift for approximately 45 minutes despite having no reasonable suspicion that Swift committed any crimes or was involved any criminal activity.

25. Ultimately, Swift was released from the handcuffs and allowed to leave.

26. Defendants John Does 1 – 12 informed Swift that the reason for stopping him was that he allegedly fit the description of a carjacker.

27. The only similarity between Swift and the alleged carjacker was that both were black males.

28. The suspected carjacker was last seen with a heavyset female at Wal-Mart, 10504 S 15th St, Bellevue, Nebraska, heading east toward Buffalo Wild Wings.

29. The suspected carjacker allegedly wore a multicolored jacket, blue jeans, and red shoes, none of which were remotely similar to the items Swift was wearing.

30. On information and belief, Defendants were aware of the legal consequences of the February 1, 2022, unlawful search and seizure of Swift.

31. The acts described above are part of an official policy or unofficial custom by the City of Bellevue Police Department.

32. On information and belief, Defendant City of Bellevue had prior notice of unlawful searches and seizures of persons and property but took inadequate steps to train and supervise these employees, correct their abuse of authority, or implement meaningful procedures to deter such unlawful abuse of power.

33. Defendant City of Bellevue's failure to supervise and/or train its employees included failing to properly instruct them in the applicable provisions of the Nebraska Revised Statutes, the United States Constitution, and proper investigative procedures.

34. Defendant City of Bellevue tolerated, as an official institutional policy, practice, or unofficial custom, or authorized and ratified the systematic pattern by their employees of depriving persons of their right to liberty and property, with the intention of and/or having the effect of depriving Swift of his rights and privileges afforded him by the United States Constitution.

35. The effect of this official policy or unofficial custom was to encourage the City of Bellevue employees to deprive persons of their liberty and property without a warrant or probable cause.

36. In doing so, the official policy or unofficial custom contributed to the unlawful racial profiling, excessive use of force, search and seizure of Swift and his property, and prolonged arrest, resulting in his injuries.

37. Swift has sustained permanent physical and psychological trauma, has suffered great physical and psychological damage as a result of the acts and conduct of the Defendants.

## COUNT I
## SECTION 1983 CLAIM – UNREASONABLE SEIZURE OF SWIFT

38. The allegations of paragraphs 1 through 37 are incorporated herein by reference.

39. As described above, on February 1, 2022, Defendants John Does 1 – 2 unlawfully seized Swift.

40. Defendants John Does 1 – 2 lacked individualized, reasonable, articulable suspicion to stop Swift.

41. The actions of Defendants John Does 1 – 2 were performed under color of state law and violated Swift's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

42. As a direct and proximate result of those constitutional abuses, Swift has suffered and will continue to suffer physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation

43. The conduct of Defendants John Does 1 – 2 was willful and exhibited a flagrant disregard for Swift's federally secured due process rights. Accordingly, these defendants are liable to Swift under 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, Swift seeks judgment against Defendants John Does 1 – 2 against all defendants jointly and severally in an amount to be determined at trial and punitive damages against all defendants as allowed by law in an amount to be determined at trial, plus

attorney fees and costs, pre- and post-judgment interest as allowed by law, and for such further relief that the Court may deem just and equitable.

## COUNT II
## SECTION 1983 CLAIM – UNREASONABLE SEARCH OF SWIFT'S PERSON

44. The allegations of paragraphs 1 through 43 are incorporated herein by reference.

45. As described above, Defendants John Does 1 – 2 unlawfully searched Swift's person.

46. Defendants John Does 1 – 2 lacked individualized, reasonable, articulable suspicion to search Swift's person for weapons.

47. The actions of Defendants John Does 1 – 2 were performed under color of state law and violated Swift's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

48. As a direct and proximate result of those constitutional abuses, Swift has suffered and will continue to suffer physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation

49. The conduct of Defendants John Does 1 – 2 was willful and exhibited a flagrant disregard for Swift's federally secured due process rights. Accordingly, these defendants are liable to Swift under 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, Swift seeks judgment against Defendants John Does 1 – 2 against all defendants jointly and severally in an amount to be determined at trial and punitive damages against all defendants as allowed by law in an amount to be determined at trial, plus attorney fees and costs, pre- and post-judgment interest as allowed by law, and for such further relief that the Court may deem just and equitable.

## COUNT III

**SECTION 1983 CLAIM – UNREASONABLE SEARCH OF SWIFT'S PROPERTY**

50. The allegations of paragraphs 1 through 49 are incorporated herein by reference.

51. As described above, Defendants John Does 1 – 2 unlawfully searched Swift's property.

52. There was no probable cause to search Swift's backpack.

53. No warrant was obtained or issued to search Swift's backpack.

54. The search of Swift's backpack was unlawful.

55. The actions of Defendants John Does 1 – 2 were performed under color of state law and violated Swift's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

56. As a direct and proximate result of those constitutional abuses, Swift has suffered and will continue to suffer physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation

57. The conduct of Defendants John Does 1 – 2 was willful and exhibited a flagrant disregard for Swift's federally secured due process rights. Accordingly, these defendants are liable to Swift under 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, Swift seeks judgment against Defendants John Does 1 – 2 against all defendants jointly and severally in an amount to be determined at trial and punitive damages against all defendants as allowed by law in an amount to be determined at trial, plus attorney fees and costs, pre- and post-judgment interest as allowed by law, and for such further relief that the Court may deem just and equitable.

**COUNT IV**
**SECTION 1983 CLAIM – EXCESSIVE USE OF FORCE**

58. The allegations of paragraphs 1 through 57 are incorporated herein by reference.

59. As described above, Defendants John Does 1 – 2 engaged in an unprovoked and unjustified excessive use of force against Swift by pointing their guns at Swift as he was walking home from school.

60. Defendants John Does 1 – 2 used objectively unreasonable and excessive force in the detention and arrest of Swift.

61. The actions of Defendants John Does 1 – 2 were performed under color of state law and violated Swift's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

62. As a direct and proximate result of those constitutional abuses, Swift has suffered and will continue to suffer physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation

63. The conduct of Defendants John Does 1 – 2 was willful and exhibited a flagrant disregard for Swift's federally secured due process rights. Accordingly, these defendants are liable to Swift under 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, Swift seeks judgment against Defendants John Does 1 – 2 against all defendants jointly and severally in an amount to be determined at trial and punitive damages against all defendants as allowed by law in an amount to be determined at trial, plus attorney fees and costs, pre- and post-judgment interest as allowed by law, and for such further relief that the Court may deem just and equitable.

### COUNT V
### SECTION 1983 CLAIM – UNREASONABLE DE FACTO ARREST

64. The allegations of paragraphs 1 through 63 are incorporated herein by reference.

65. As described above, Defendants John Does 1 – 2 unlawfully arrested Swift when Swift was ordered to the ground and handcuffed.

66. Defendants John Does 1 – 2 were all involved in Swift's detention and arrest

67. Defendants John Does 1 – 2 lacked any articulable, objective suspicion that Swift was the suspect they were seeking.

68. There was no evidence of erratic behavior or suspicious movements by Swift

69. There was no reason to believe that Swift was armed.

70. The arrest of Swift by Defendants John Does 1 – 2 was unreasonable as it was excessively intrusive in scope and manner of execution.

71. The actions of Defendants John Does 1 – 2 were performed under color of state law and violated Swift's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

72. As a direct and proximate result of those constitutional abuses, Swift has suffered and will continue to suffer physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation

73. The conduct of Defendants John Does 1 – 2 was willful and exhibited a flagrant disregard for Swift's federally secured due process rights. Accordingly, these defendants are liable to Swift under 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, Swift seeks judgment against Defendants John Does 1 – 2 against all defendants jointly and severally in an amount to be determined at trial and punitive damages against all defendants as allowed by law in an amount to be determined at trial, plus attorney fees and costs, pre- and post-judgment interest as allowed by law, and for such further relief that the Court may deem just and equitable.

## COUNT VI
## SECTION 1983 CLAIM – UNREASONABLY PROLONGED ARREST

74. The allegations of paragraphs 1 through 73 are incorporated herein by reference.

75. As described above, Defendants John Does 1 – 2 unlawfully detained Swift for an exceptionally lengthy period of time to determine he was not the suspect they were searching for.

76. Defendants John Does 1 – 2 detained Swift beyond the amount of time otherwise justified to the purpose of determining Swift's identification and that he was not the person of interest they were searching for.

77. Defendants John Does 1 – 2 lacked reasonable suspicion to detain Swift for the exceptionally lengthy period.

78. The actions of Defendants John Does 1 – 2 were performed under color of state law and violated Swift's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

79. As a direct and proximate result of those constitutional abuses, Swift has suffered and will continue to suffer physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation

80. The conduct of Defendants John Does 1 – 2 was willful and exhibited a flagrant disregard for Swift's federally secured due process rights. Accordingly, these defendants are liable to Swift under 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, Swift seeks judgment against Defendants John Does 1 – 2 against all defendants jointly and severally in an amount to be determined at trial and punitive damages against all defendants as allowed by law in an amount to be determined at trial, plus attorney fees and costs, pre- and post-judgment interest as allowed by law, and for such further relief that the Court may deem just and equitable.

## COUNT VII
## SECTION 1983 CLAIM – FAILURE TO INTERVENE

81. The allegations of paragraphs 1 through 80 are incorporated herein by reference.

82. As described above, Defendants John Does 3 – 12 observed Defendants John Does 1 – 2, stop and detain Swift without any reasonable suspicion or probable cause of criminality or other constitutionally required grounds.

83. Defendants John Does 1 -2 detained, searched, and arrested Swift without individualized, reasonable, articulable suspicion or probable cause, and arrested Swift using objectively unreasonable and excessive force.

84. Defendants John Does 3 – 12 failed to intervene and prevent Defendants John Does 1 – 2 from violating Swift's Fourth Amendment rights to be free of unreasonable searches and seizures, although Defendants John Does 3 – 12 had a reasonable opportunity to do so.

85. The acts and omissions of Defendants John Does 3 – 12 were performed under color of state law and violated Swift's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, the Plaintiff, Swift seeks judgment against Defendants John Does 3 – 12 against all defendants jointly and severally in an amount to be determined at trial and punitive damages against all defendants as allowed by law in an amount to be determined at trial, plus attorney fees and costs, pre- and post-judgment interest as allowed by law, and for such further relief that the Court may deem just and equitable.

## COUNT VIII
## SECTION 1983 CLAIM – RACIAL PROFILING

86. The allegations of paragraphs 1 through 85 are incorporated herein by reference.

87. The conduct of Defendants John Does 1 – 2, as described above, in stopping and detaining Swift without any reasonable suspicion of criminality or other constitutionally required grounds, was performed under the color of law.

88. This stop-and-frisk was conducted on the basis of racial and/or national-origin profiling.

89. The acts and conduct by the Defendants were motivated by racial animus, and were intended to discriminate on the basis of race and/or had a disparate impact on minorities, particularly Blacks.

90. As a direct and proximate result of such acts, Defendants deprived Swift of his Fourth and Fourteenth Amendments to the United States Constitution.

91. As a direct and proximate result of those constitutional abuses, Swift has suffered and will continue to suffer physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

92. The conduct of Defendants John Does 1 – 2 was willful and exhibited a flagrant disregard for Swift's federally secured due process rights. Accordingly, these Defendants are liable to Swift under 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, Swift seeks judgment against Defendants John Does 1 – 2 against all defendants jointly and severally in an amount to be determined at trial and punitive damages against all defendants as allowed by law in an amount to be determined at trial, plus attorney fees and costs, pre- and post-judgment interest as allowed by law, and for such further relief that the Court may deem just and equitable.

## COUNT IX
## SECTION 1983 CLAIM – MUNICIPAL LIABILITY

93. The allegations of paragraphs 1 through 92 are incorporated herein by reference.

94. Defendant City of Bellevue has maintained the policy, custom, and/or practice of suspicion-less stops and frisks and racial profiling in violation of the Fourth and Fourteenth

Amendments by devising, implementing, enforcing, adopting, sanctioning, and ratifying a policy, practice, and/or custom of:

    a.    The use of objectively unreasonable and excessive force on suspicion-less persons;

    b.    Conducting seizures and arrests without individualized, reasonable, articulable suspicion, but based on racial and/or national origin profiling;

    c.    Extending the detention of persons unreasonably long without reasonable suspicion;

    d.    Failing to properly screen, train, and supervise Bellevue Police officers;

    e.    Failing to adequately monitor and discipline the Bellevue Police Department and its officers; and,

    f.    Encouraging, sanctioning, and failing to rectify the Bellevue Police Department's constitutional issues.

95. As a direct and proximate result of the above-described policy, custom, and/or practice, was the direct and proximate cause of Defendants John Does 1 – 12 depriving Swift of his Fourth and Fourteenth Amendments to the United States Constitution.

96. As a direct and proximate result of those constitutional abuses, Swift has suffered and will continue to suffer physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

WHEREFORE, the Plaintiff, Swift seeks judgment against Defendant City of Bellevue in an amount to be determined at trial and punitive damages against all defendants as allowed by law in an amount to be determined at trial, plus attorney fees and costs, pre- and post-judgment interest as allowed by law, and for such further relief that the Court may deem just and equitable.

## JURY TRIAL DEMAND

-15-

Plaintiff hereby demands a trial by jury on all counts so triable.

## REQUEST FOR PLACE OF TRIAL

Plaintiff requests Omaha as the place for trial.

**DATED**: January 30, 2026.

Respectfully submitted,

Dai'Tron M. Swift, Plaintiff

BY: /s/ *Oluseyi O. Olowolafe*
Oluseyi O. Olowolafe
NE Bar Number: 26896
*Attorney for Plaintiff*
Olowolafe Law Firm, LLC
1227 Golden Gate Drive
Papillion, NE 68046
Telephone: (402) 995-9554
Email: seyi.olowolafe@ololawfirm.com